# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X

BRANDON WILSON,

                                Plaintiff,

       -against-

MAVERICK TRANSPORTATION, LLC.,
MAVERICK TRANSPORTATION INC. a/k/a
MAVERICK USA, INC., TIMOTHY HALL

                              Defendants.
---------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Kings
County as the Place of Trial

Basis of venue is
Plaintiff's residence

Plaintiff resides at
263 Vermont Street
Brooklyn, New York

**TO THE ABOVE NAMED DEFENDANTS**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after the service of this summons is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs of this action.

Dated: Brooklyn, New York
       May 1st, 2018

                                                    Yours, etc.,

                                                    _CHB_

                                                    BIGNELL LAW, PLLC.
                                                    Attorneys for Plaintiff
                                                    474 Marcus Garvey Boulevard
                                                    Brooklyn, New York 11216
                                                    Phone: (800) 337-6664
                                                    Fax: (800) 576-6161

**Defendants' Addresses:**

**MAVERICK TRANSPORTATION, LLC.**
**MAVERICK TRANSPORTATION, INC.**
**a/k/a MAVERICK USA, INC.**
**C/O C T Corporation System**
**111 Eighth Avenue**
**13th Floor**
**New York, New York 10011**

**TIMOTHY HALL**
**6032 Pleasant Ridge Road**
**Knoxville, Tennessee 37912**

### SEND TO YOUR INSURANCE COMPANY PROMPTLY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
BRANDON WILSON,

                                 Plaintiff,

       -against-

MAVERICK TRANSPORTATION, LLC.,
MAVERICK TRANSPORTATION INC. a/k/a
MAVERICK USA, INC. and TIMOTHY HALL,

                                Defendants.
---------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, BRANDON WILSON by his attorneys BIGNELL LAW, PLLC. complaining of the defendants herein, respectfully alleges, upon information and belief, as follows:

1. That at all times herein mentioned, plaintiff, BRANDON WILSON was and still is a resident of the County of Kings, City and State of New York.

2. That at all times herein mentioned defendant, TIMOTHY HALL was and still is a resident of the City of Knoxville and State of Tennessee.

3. That at all times herein mentioned, defendant, MAVERICK TRANSPORTATION, LLC. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times mentioned herein, defendant, MAVERICK TRANSPORTATION, LLC. was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a state other than the State of Arkansas but licensed to do business within the State of New York.

5. That at all times mentioned herein, defendant, MAVERICK TRANSPORTATION, LLC. was and is a business entity duly organized and existing pursuant to the laws of the State of

Arkansas.

6. That at all times mentioned herein, defendant, MAVERICK TRANSPORTATION, LLC. was and is a business entity duly organized and existing pursuant to the laws of a state other than the State of New York but doing business within the State of New York.

7. That at all times mentioned herein, defendant MAVERICK TRANSPORTATION, LLC. was and is a partnership duly organized and existing pursuant to the laws of the State of Arkansas.

8. That at all times herein mentioned, defendant MAVERICK TRANSPORTATION, LLC. was and still is a limited liability company duly organized and existing pursuant to the laws of the State of Arkansas.

9. That at all times herein mentioned, defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times mentioned herein, defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a state other than the State of Arkansas but licensed to do business within the State of New York.

11. That at all times mentioned herein, defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was and is a business entity duly organized and existing pursuant to the laws of the State of Arkansas.

12. That at all times mentioned herein, defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was and is a business entity duly organized and existing pursuant to the laws of a state other than the State of New York but doing business within the State of New York.

13. That at all times mentioned herein, defendant MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was and is a partnership duly organized and existing pursuant to the laws of the State of Arkansas.

14. That at all times herein mentioned, defendant MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was and still is a limited liability company duly organized and existing pursuant to the laws of the State of Arkansas.

15. Defendant, TIMOTHY HALL, was and is an agent, servant and/or employee of defendant, MAVERICK TRANSPORTATION LLC.

16. At all times hereinafter mentioned, defendant, TIMOTHY HALL, was acting within the course and scope of his employment with defendant, MAVERICK TRANSPORTATION LLC.

17. That at all times herein mentioned defendant, MAVERICK TRANSPORTATION LLC. is liable under the doctrine of respondent superior.

18. Defendant, TIMOTHY HALL, was and is an agent, servant and/or employee of defendant, MAVERICK TRANSPORTATION INC. a/k/a MAVERICK USA INC.

19. At all times hereinafter mentioned, defendant, TIMOTHY HALL, was acting within the course and scope of her employment with defendant, MAVERICK TRANSPORTATION INC. a/k/a MAVERICK USA, INC.

20. That at all times herein mentioned defendant, MAVERICK TRANSPORTATION INC. a/k/a MAVERICK USA INC. is liable under the doctrine of respondent superior.

21. That at all times hereinafter mentioned defendant, MAVERICK TRANSPORTATION, LLC. was the owner of a 2015 Freightliner motor vehicle bearing Indiana State Registration Number 2164533 for the year 2017.

22. Upon information and belief, that at all times and places hereinafter mentioned, the defendant,

TIMOTHY HALL, was the operator of the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

23. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, LLC. was the lessee of the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

24. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, LLC. was the lessor of the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

25. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, LLC. maintained the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

26. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, LLC. managed the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

27. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, LLC. controlled the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

28. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, LLC. inspected the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

29. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, LLC. repaired the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

30. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the express permission of the defendant, MAVERICK TRANSPORTATION, LLC.

31. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the express consent of the defendant, MAVERICK TRANSPORTATION, LLC.

32. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the express knowledge of the defendant, MAVERICK TRANSPORTATION, LLC.

33. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the implied permission of the defendant, MAVERICK TRANSPORTATION, LLC.

34. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the implied consent of the defendant, MAVERICK TRANSPORTATION, LLC.

35. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the implied knowledge of the defendant, MAVERICK TRANSPORTATION, LLC.

36. That at all times hereinafter mentioned defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was the owner of a 2015 Freightliner motor vehicle bearing Indiana State Registration Number 2164533 for the year 2017.

37. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was the lessee of the

aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

38. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. was the lessor of the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

39. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. maintained the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

40. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. managed the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

41. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. controlled the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

42. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. inspected the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

43. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. repaired the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

44. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the express permission of the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC.

45. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY

HALL operated the aforementioned motor vehicle with the express consent of the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC.

46. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the express knowledge of the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC.

47. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the implied permission of the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC.

48. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the implied consent of the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC.

49. That on November 15th, 2017, and at all times hereinafter mentioned defendant, TIMOTHY HALL operated the aforementioned motor vehicle with the implied knowledge of the defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC.

50. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL, was the lessee of the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

51. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL, was the lessor of the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

52. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL, maintained the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

53. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL, managed the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

54. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL, controlled the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

55. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL, inspected the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

56. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL, repaired the aforesaid motor vehicle bearing Indiana State Registration Number 2164533.

57. Upon information and belief, that at all times and places hereinafter mentioned, the plaintiff was an owner and operator of a motor vehicle bearing New York State Registration Number GSH2784.

58. That at all times and places hereinafter mentioned, Atlantic Avenue at or near its intersection with Hendrix Street, in the County of Kings, City and State of New York, was and still is a public street/highway in common use of the residents of the City and State of New York and others.

59. That on November 15th, 2017, plaintiff, BRANDON WILSON, was lawfully and properly in a motor vehicle at the above-mentioned location.

60. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, TIMOTHY HALL was solely responsible for the proper and prudent operation, management,

maintenance and control of his aforesaid motor vehicle.

61. That on November 15th, 2017, at the aforementioned location, the aforesaid motor vehicle owned by defendant, MAVERICK TRANSPORTATION, LLC. and operated by defendant, TIMOTHY HALL struck the motor vehicle owned and operated by plaintiff.

62. That on November 15th, 2017, at the aforementioned location, the aforesaid motor vehicle owned by defendant, MAVERICK TRANSPORTATION, LLC. and operated by defendant, TIMOTHY HALL came into contact with the motor vehicle owned and operated by plaintiff.

63. That on November 15th, 2017, at the aforementioned location, the aforesaid motor vehicle owned by defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. and operated by defendant, TIMOTHY HALL struck the motor vehicle owned and operated by plaintiff.

64. That on November 15th, 2017, at the aforementioned location, the aforesaid motor vehicle owned by defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA, INC. and operated by defendant, TIMOTHY HALL came into contact with the motor vehicle owned and operated by plaintiff.

65. That on or about November 15th, 2017, at approximately 11:00 AM the subject motor vehicle owned by defendant, MAVERICK TRANSPORTATION, LLC., operated, managed, maintained, controlled, inspected and repaired by defendant, TIMOTHY HALL violently collided and came in contact with a motor vehicle owned, operated, managed, maintained, controlled, inspected and repaired by plaintiff causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

66. That on or about November 15th, 2017, at approximately 11:00 PM the subject motor vehicle owned by defendant, MAVERICK TRANSPORTATION, INC. a/k/a MAVERICK USA,

INC., operated, managed, maintained, controlled, inspected and repaired by defendant, TIMOTHY HALL violently collided and came in contact with a motor vehicle in which plaintiff was a passenger owned, operated, managed, maintained, controlled, inspected and repaired by the plaintiff causing the plaintiff to sustain serious and permanent injuries as hereinafter alleged.

67. That as a result thereof, the plaintiff, was caused to sustain severe and serious injuries.

68. That the aforesaid occurrence was caused by reason of the carelessness, recklessness and negligence of the defendant, TIMOTHY HALL in operation, maintenance, management and control of his aforesaid automobile without any negligence on the part of the plaintiff contributing thereto.

69. That the plaintiff's said injuries and damages were caused by the reckless, carelessness and negligence of the defendant, TIMOTHY HALL in negligent operation of the aforesaid motor vehicle, without any fault of negligence on the part of the plaintiff contributing thereto in any manner, and said injuries are severe and permanent.

70. That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. He has sustained nervous shock and continues to suffer mental anguish and great physical pain. He has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of his injuries; and upon information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of his injuries. He has been incapacitated from attending to his usual duties, functions, occupations, vocations and avocations, and in other

ways he was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

71. That the plaintiff, BRANDON WILSON, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Sections 5102 and 5104 of the Insurance Law.

72. Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

73. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

74. The plaintiff was caused to sustain and incur medical bills and out-of-pocket expenses in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

75. That by reason of the foregoing, plaintiff, BRANDON WILSON, has been damaged in the sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, the plaintiff, BRANDON WILSON, demands judgment against the defendants, MAVERICK TRANSPORTATION, LLC., MAVERICK TRANSPORTATION INC. a/k/a MAVERICK USA, INC. and TIMOTHY HALL, in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action: together with the interest, costs and disbursements.

Dated: Brooklyn, New York
      May 1st, 2018

Yours etc.,

*CHB*

---

BIGNELL LAW, PLLC.
Attorneys for Plaintiff
474 Marcus Garvey Boulevard
Brooklyn, New York 11216
Phone: (800) 337-6664
Fax: (800) 576-6161

TO: **MAVERICK TRANSPORTATION, LLC.**
**MAVERICK TRANSPORTATION, INC.**
a/k/a MAVERICK USA, INC.
C/O C T Corporation System
111 Eighth Avenue
13th Floor
New York, New York 10011

**TIMOTHY HALL**
**6032 Pleasant Ridge Road**
**Knoxville, Tennessee 37912**

## VERIFICATION

STATE OF NEW YORK )
                            )ss:
COUNTY OF KINGS )

I, the undersigned, being duly sworn depose and say:
I am Plaintiff in the within action. I have read the foregoing _Summons_ _Complaint_ and know the contents thereof. The content is true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Sworn before me this
1st Day of May 2018

Notary Public

VERONICA NIEVES
Commissioner of Deeds
City of New York - No. 2-14162
Cert. Filed in Kings County
Comm. Expires July 1, 2019

Index No.:

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS**
-----------------------------------------------------------------X
BRANDON WILSON,

                                        Plaintiff,

    -against -


MAVERICK TRANSPORTATION, LLC.,
MAVERICK TRANSPORTATION INC. a/k/a
MAVERICK USA, INC. and TIMOTHY HALL,

                                      Defendants.

-----------------------------------------------------------------X


## SUMMONS AND VERIFIED COMPLAINT


**BIGNELL LAW, PLLC.**
**Attorneys for Plaintiff**
**474 Marcus Garvey Boulevard**
**Brooklyn, New York 11216**
**Phone: (800) 337-6664**
**Fax: (800) 576-6161**